# Exhibit A – Complaint

Filed          22-CI-00590     04/29/2022     Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    /s/Loretta Crady, Hardin Circuit Clerk

NO. 22-CI-00590                                   HARDIN CIRCUIT COURT
                                                  DIVISION III
                                                  JUDGE Easton

**RENETE BARNETT-MORGAN**                                          PLAINTIFF

v.

**INVERNESS TECHNOLOGIES, INC.**                                   DEFENDANTS

   Serve: KENTUCKY SECRETARY OF STATE
        SUMMONS BRANCH
        700 CAPITAL AVENUE, SUITE 86
        FRANKFORT, KENTUCKY 40601

**CRYSTAL VEGA**

   Serve: CRYSTAL VEGA
        635 INDEPENDENCE DRIVE
        VINE GROVE, KENTUCKY 40175

COPY ATTEST:
LORETTA CRADY, HARDIN CIR/DIST CLERK
BY _____ D.C.

## COMPLAINT
*Jury Trial Demanded*

Plaintiff Renete Barnett-Morgan, for her complaint against Defendants Inverness Technologies, Inc. and Crystal Vega, states as follows:

### PARTIES

1. Plaintiff Renete Barnett-Morgan is, and at all times relevant hereto has been, a resident of Radcliff, Hardin County, Kentucky.

2. Defendant Inverness Technologies, Inc. is a for-profit Virginia stock corporation with a place of business in Ft. Knox, Hardin County, Kentucky, where it employs more than fifty people, either directly or through subsidiaries, pursuant to U.S. Contract W9124D-22-C-0010. Its agent for service of process is the Kentucky Secretary of State under KRS 454.210. The Secretary of State should direct further notification efforts to Inverness Technologies, Inc., 7619 Little River

Filed          22-CI-00590     04/29/2022     Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    /s/Loretta Crady, Hardin Circuit Clerk

Filed         22-CI-00590    04/29/2022    Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    s/Loretta Crady, Hardin Circuit Clerk

Turnpike, Suite 240, Annandale, Virginia 22003.

3. Defendant Crystal Vega is a Kentucky resident, located at 635 Independence Drive, Vine Grove, Kentucky 40175.

## JURISDICTION AND VENUE

4. Plaintiff brings her causes of action pursuant to the Kentucky Civil Rights Act, KRS 344 *et seq.*

5. Jurisdiction is proper in the Hardin Circuit Court pursuant to KRS 23A.010(1) and KRS 344.450. All of the parties' acts, omissions, and transactions took place in Hardin County, Kentucky.

6. Venue in this action is proper in the Hardin Circuit Court pursuant to KRS 452.450, as Inverness Technologies, Inc.'s principal place of business is located in Hardin County.

7. At all times material to this action, Plaintiff was an "employee" as defined by KRS Chapter 344.030(5), and Defendant Inverness was an "employer" as defined in KRS Chapter 344.030(2).

## FACTS

8. Renete Barnett-Morgan is an African American Kentucky worker who worked at Inverness for four years, rising to the level of a Shift Lead in September 2018.

9. When Renete assumed this position, she was told by Rob Blankenship, her superior, that a Shift Lead did not have the ability to discipline those under them, and they were not allowed to provide employees with expectations of behavior. Rob made it clear that this was pursuant to guidance from management.

10. This expectation was made clear to all prior Shift Leads, who also were people of color.

11. For instance, Felicia Ingram, who served Inverness as the 2nd Shift Lead for approximately seven years, was removed for enforcing company policy. Inverness labeled Felicia a bully and

Filed         22-CI-00590    04/29/2022    Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    s/ Loretta Crady, Hardin Circuit Clerk

removed from the supervisory position.

12. In August of 2021, Renete was summarily demoted from her role as Shift Lead while on vacation.

13. The Shift Lead role was given to Tammy Croft, a less experienced, white Inverness employee, who was unfamiliar with the 3rd shift, over which she assumed supervisory control.

14. Tammy Croft had not worked as a counselor for two years and was unfamiliar with the modern requirements of that position, a position that she was now responsible for managing.

15. Renete immediately filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) for discrimination due to this sudden demotion and her replacement by a less experienced, white employee.

16. Renete made her Charge of Discrimination in good faith, as she believed that racial bias motivated her adverse employment action.

17. Renete made other employees at Inverness aware that she had engaged in this protected activity.

18. Once Tammy Croft became Shift Lead, she was allowed to discipline employees and set expectations for their behavior. This authority was conveyed in a document that was passed out to all employees, and which they were each required to sign.

19. Shortly after Renete's complaint to the EEOC, a fellow employee, Francis Schirrmacher, accosted her for asking a question about a client.

20. This altercation occurred on August 6, 2021.

21. Renete's question had been posed in the standard course of business, and there was nothing remarkable or offensive about it.

22. In asking her question, Renete was fully within the responsibilities, duties, and tasks related

Filed          22-CI-00590     04-29-2022        Loretta Crady, Hardin Circuit Clerk
A true copy attest     22-CI-00590     04-29-2022        s/ Loretta Crady, Hardin Circuit Clerk

to her job.

23. Immediately after being accosted by Francis, Renete made a complaint to her replacement, Tammy.

24. Francis is a white Inverness employee.

25. Tammy had shown favoritism toward this white employee in the past.

26. Concerned about Tammy's bias, Renete escalated the issue to Human Resources directly, concurrent with her notification to Tammy.

27. In her complaint to Human Resources, Renete made it clear that she felt she was in a hostile work environment due to her race.

28. Renete further conveyed that she believed she was experiencing retaliation for her prior protected activity.

29. On August 26, 2021, Renete was called into a meeting in a conference room with Program Manager Crystal Vega.

30. Crystal told Renete that she was being written up for insubordination after she mixed up her schedule, for one day, with that of another coworker.

31. The schedule had recently been changed by Tammy, and Renete and her coworker had merely performed their work duties on their long-held prior schedule.

32. The work of Renete and her coworker was completed, and the company suffered no harm from the mistake.

33. Renete repeated to Crystal that minority leads were not allowed to suggest individuals for discipline and that the new authority given to Tammy occurred to her as racially discriminatory.

34. Renete refused to sign the write-up due to her good faith belief that is was retaliatory for her complaints and due to the imbalance of power non-minority supervisors were able to wield.

Filed          22-CI-00590     04-29-2022        Loretta Crady, Hardin Circuit Clerk
A true copy attest     22-CI-00590     04-29-2022        s/ Loretta Crady, Hardin Circuit Clerk

000006 of 000011

Filed         22-CI-00590      04/29/2022      Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    s/Loretta Crady, Hardin Circuit Clerk

35. Crystal conveyed that the company intended to impose the discipline anyway, as the company was uninterested in Renete's explanation or complaints.

36. Renete responded "I'm done," indicating that she saw no point in continuing to take part in the conversation.

37. Renete went back to her desk to complete her shift.

38. As Renete was working on a client's record at her desk, Randy Trombley, a larger male colleague, came to the front of the cubicle and told Renete he needed to take her ID badge.

39. Renete asked if she was being fired.

40. Randy responded that he did not know, as he was just sent to get the badge.

41. Renete handed Randy the card and left the building. It is well known company policy that people without Inverness badges are not permitted to roam the work facility, and Renete did not want the company to summon law enforcement against her.

42. Another African American Inverness worker, James Moore, had been terminated in the same manner a month previously.

43. Renete fully understood that she was being ejected from her position involuntarily.

44. Before the EEOC, Inverness was undeniably made aware that Renete considered the company to have terminated her.

45. Despite extraordinary turnover and inadequate workers to perform the government contract work, Inverness has never indicated that Renete still has a job, nor that it was an option for her to resume work at her desk after making her protected disclosures and complaints to Crystal Vega.

## COUNT ONE – RACE DISCRIMINATION

46. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

47. Defendant Inverness is an employer within the meaning of the Kentucky Civil Rights Act.

Filed         22-CI-00590      04/29/2022     5   Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022    s/Loretta Crady, Hardin Circuit Clerk

000007 of 000011

Filed          22-CI-00590     04-29-2022      Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590     04-29-2022     s Loretta Crady, Hardin Circuit Clerk

48. Plaintiff is an African American woman, and she is therefore a member of a Protected Classification under KRS 344.040(1).

49. Plaintiff was qualified to perform her duties as a full-time employee both before and after her discharge by Defendant Inverness.

50. Plaintiff was subjected to disparate treatment on the basis of race.

51. Plaintiff's demotion by Defendant Inverness constituted an adverse employment action.

52. Plaintiff's termination by Defendant Inverness constituted an adverse employment action.

53. Defendant knew or had reason to know of Plaintiff's race.

54. Defendant Inverness's proffered non-discriminatory bases for terminating Plaintiff's employment are pretext.

55. After demoting Plaintiff, Defendant Inverness replaced Plaintiff with a white worker.

56. After terminating Plaintiff, Defendant Inverness replaced Plaintiff with a white worker.

57. Plaintiff's race was a motivating factor in Defendant Inverness's adverse actions and discrimination.

58. The adverse employment action occurred under circumstances that raise reasonable inferences that the Plaintiff's race was a determining factor in the decision to impose the adverse employment actions.

59. Defendant Inverness's conduct violated KRS Chapter 344.

60. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA, including the award of damages and attorneys' fees.

61. Defendant Inverness's actions and omissions were committed with malice or reckless indifference to Plaintiff's rights.

62. The employer authorized, ratified, or should reasonably have anticipated its agents' actions

Filed          22-CI-00590     04-29-2022      Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590     04-29-2022     s Loretta Crady, Hardin Circuit Clerk

Package : 000008 of 000011

Filed          22-CI-00590     04/29/2022     Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022     s/ Loretta Crady, Hardin Circuit Clerk

as described in this Complaint.

## COUNT TWO – RETALIATION

63. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

64. Plaintiff engaged in activity protected by the KCRA when she made a Charge of Discrimination regarding her demotion.

65. Plaintiff engaged in activity protected by the KCRA when she made numerous reports to her supervisors and other management employees, including Crystal Vega, that she believed minorities were being discriminated against due to policy or by direct actions.

66. A complaint of racial discrimination is protected activity under the KCRA.

67. A reasonable employer in Defendant Inverness's position would know that these requests were protected activity.

68. Plaintiff was subjected to adverse actions by Defendant Inverness and Defendant Vega because she engaged in activities protected under the KCRA.

69. A reasonable employee in the Plaintiff's position would have found the Defendants' actions materially adverse.

70. There exists a causal connection between the Defendants' materially adverse actions toward Plaintiff and her protected activity.

71. Defendants' conduct violated the KCRA's anti-retaliation provision, KRS 344.280(1).

72. But for Plaintiff's complaints of discrimination, Defendants would not have subjected her to the adverse employment actions, including, but not limited to, enhanced scrutiny, write-ups, demeaning behavior, and eventual termination.

73. As a direct and proximate cause of the Defendants' actions described herein, Plaintiff has suffered from a loss of income and benefits, physical and emotional distress, and mental anxiety,

Filed          22-CI-00590     04/29/2022     Loretta Crady, Hardin Circuit Clerk
A true copy attest    22-CI-00590    04/29/2022     s/ Loretta Crady, Hardin Circuit Clerk

000009 of 000011

Filed 22-CI-00590 04/29/2022 Loretta Crady, Hardin Circuit Clerk
A true copy attest 22-CI-00590 04/29/2022 s/ Loretta Crady, Hardin Circuit Clerk

for all of which she should be compensated.

74. Plaintiff is entitled to all relief, legal and equitable, available under the KCRA, including an award of attorneys' fees and costs.

**WHEREFORE**, Plaintiff Renete Barnett-Morgan respectfully demands that the Court:

a. Declare Defendants' conduct in violation of her rights;

b. Award her compensatory damages in such amounts as shall be proved at trial for her economic and other losses, including, but not limited to, back pay, and front pay in lieu of reinstatement to the extent Defendants' conduct has rendered reinstatement impracticable;

c. Award her damages against Defendants in an amount to be proved at trial for the humiliation, embarrassment, personal indignity, apprehension about her past, current, and future economic well-being, emotional distress, and mental anguish, which have been inflicted upon her by Defendant's wrongful acts;

d. Award her pre-judgment and post-judgment statutory interest;

e. Award her attorneys' fees and costs pursuant to the KCRA;

f. Order any equitable relief to which Plaintiff is entitled, including reinstatement;

g. Grant her such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury to try all issues so triable by jury.

Filed 22-CI-00590 04/29/2022 Loretta Crady, Hardin Circuit Clerk
A true copy attest 22-CI-00590 04/29/2022 s/ Loretta Crady, Hardin Circuit Clerk

Filed          22-CI-00590          04/29/2022          Loretta Crady, Hardin Circuit Clerk
A true copy attest          22-CI-00590          04/29/2022          s/ Lorena Crady, Hardin Circuit Clerk

Respectfully submitted,

/s/     *Robyn Smith*
Robyn Smith
Adam M. Johnson
4350 Brownsboro Road
Suite 110
Louisville, Kentucky 40207
firm@robynsmithlaw.com
(502) 893-4569
*Counsel for Plaintiff*

Filed          22-CI-00590          04/29/2022          Loretta Crady, Hardin Circuit Clerk
A true copy attest          22-CI-00590          04/29/2022          s/ Loretta Crady, Hardin Circuit Clerk



Michael G. Adams
Secretary of State

**Commonwealth of Kentucky**
**Office of the Secretary of State**

Summons Division
PO BOX 718
FRANKFORT, KY 40602-0718

May 10, 2022

INVERNESS TECHNOLOGIES, INC.
7619 LITTLE RIVER TURNPIKE
SUITE 240
ANNADALE, VA 22003

FROM:   SUMMONS DIVISION
        SECRETARY OF STATE

RE:     CASE NO: 22-CI-00590

COURT:  Circuit Court Clerk
        Hardin County, Division: III
        120 East Dixie Ave.
        Ste. 1
        Elizabethtown, KY 42701
        Phone: (270) 766-5037

Legal action has been filed against you in the captioned case. As provided under Kentucky law, the legal documents are enclosed.

**Questions regarding this action should be addressed to:**

(1) Your attorney, or
(2) The attorney filing this suit whose name should appear on the last page of the complaint, or
(3) The court or administrative agency in which the suit is filed at the clerk's number printed above.

The Kentucky Secretary of State has NO POWER to make a legal disposition of this case. Your responsive pleadings should be filed with the clerk of the court or agency where the suit is filed and served directly on your opposing party.

No copy of future pleadings need be sent to this office unless you wish us to serve the pleading under a particular statute or rule and pay for said service.

| | | |
|---|---|---|
| AOC-E-105  Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **22-CI-00590**<br>Court:  **CIRCUIT**<br>County: **HARDIN** |

*Plantiff,* **BARNETT-MORGAN, RENETE VS. INVERNESS TECHNOLOGIES, INC. ET A**, *Defendant*

TO: **INVERNESS TECHNOLOGIES, INC.**
     **7619 LITTLE RIVER TURNPIKE**
     **SUITE 240**
     **ANNANDALE, VA 22003**

RECEIVED
MAY 06 2022
SECRETARY OF STATE

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

    The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Loretta Crady*
Hardin Circuit Clerk
Date: **4/29/2022**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

    To: _____

☐ Not Served because: _____

Date: _____, 20 _____      _____
                                                                                              Served By
                                                                                              _____
                                                                                                Title

Summons ID: 456231530565333@00000354208
CIRCUIT: 22-CI-00590 Long Arm Statute – Secretary of State
BARNETT-MORGAN, RENETE VS. INVERNESS TECHNOLOGIES, INC. ET A


Page 1 of 1


eFiled