# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:22-CV-00301-DJH-CHL

**RENETE BARNETT-MORGAN,**                                                                    **Plaintiff,**

**v.**

**INVERNESS TECHNOLOGIES, INC.,**                                                             **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Quash of Non-Party the United States Equal Employment Opportunity Commission ("EEOC"). (DN 28.) Defendant Inverness Technologies, Inc. ("Inverness") responded, and the EEOC filed a reply. (DNs 31, 33.) Therefore, this matter is ripe for review.

### I.     BACKGROUND

Plaintiff Renete Barnett-Morgan ("Barnett-Morgan") brought this action against her former employer Inverness alleging the latter engaged in race discrimination and retaliation against her in violation of the Kentucky Civil Rights Act and Title VII. (DN 4-1.) As required by law, Barnett-Morgan had first filed a charge of discrimination with the EEOC, which investigated and issued Barnett-Morgan a right to sue letter on April 27, 2022. (DN 4-2; DN 28-1, at PageID # 143.) Inverness made a request to the EEOC pursuant to the Freedom of Information Act for documents related to Barnett-Morgan, and the EEOC provided "the non-privileged documents in the EEOC's investigative file." (DN 28-1, at PageID # 143.)

But as Inverness discovered during Barnett-Morgan's deposition, Barnett-Morgan had actually initiated two separate complaints with the EEOC: one in March 2020 and one in August 2021 that ultimately led to her initiating a charge and receiving the 2022 right-to-sue letter. (DN

31-1.)  Barnett-Morgan testified that this earlier "inquiry" was submitted through the EEOC's website and did not result in the filing of a charge.  (*Id.*)  She testified that when the EEOC's investigator called her, he asked if her employer was still "bothering" her, and she reported that "nobody is bothering us because nobody is in the office. Everybody is working from home"; this coincided with the beginning of COVID-19 pandemic in March 2020.  (*Id.* at PageID # 159.)  The investigator purportedly told her, "[O]kay, well, if they're not bothering you anymore, we're going to close it."  (*Id.*)  Of the relationship between her 2020 inquiry and her 2021 one, Barnett-Morgan testified that they were "[p]retty much the same complaint just different situations happened."  (*Id.* at 160.)  When pressed by Inverness's counsel about the basis for the 2020 inquiry at her deposition, Barnett-Morgan began to discuss things related to the 2021 charge and stated, "So it's kind of hard for me to explain it to you without going to that," that being the 2021 charge.  (*Id.* at 161.)

      Given this testimony, on December 27, 2023, Inverness served a subpoena upon the EEOC seeking "[a]ny and all documents contained in [its] files, including but not limited to complaints made, correspondence, handwritten notes, statements, investigations, charges, findings of fact, and conclusions of law between the dates January 1, 2020 through August, 2021" pertaining to Barnett-Morgan and her employment with Inverness.  (DN 28-2.)  When the EEOC and counsel for Inverness conferred about the subpoena, Inverness's counsel allegedly made clear that what she wanted in particular was the "1) information from an online inquiry Ms. Barnett-Morgan had made in March of 2020 that she had referenced in her deposition in this lawsuit as well as 2) any information she provided to the EEOC in an online inquiry she made in August 2021." (DN 28-1, at PageID # 144-45.)  The EEOC located and provided the August 2021 inquiry information because that was the inquiry that led to the charge and the right to sue letter in the record in this

2

case. (DN 4-2; DN 28-1, at PageID # 145.) But as to the request for the March 2020 inquiry, the EEOC filed the instant motion to quash Inverness's subpoena arguing that Inverness improperly sought information protected by law under 42 U.S.C. § 2000e-8(e). (DN 28-1.) Inverness argued that its subpoena sought relevant information "within the permissible bounds of reasonable discovery" in light of Barnett-Morgan's deposition testimony and that the information sought was not subject to protection from disclosure as the EEOC alleged. (DN 31, at PageID # 155.) In its reply, the EEOC persisted in its position that the information sought was protected because the March 2020 inquiry did not result in Barnett-Morgan filing a charge of discrimination or a lawsuit. (DN 33.)

## II.     DISCUSSION

### A.     Legal Standard

Fed. R. Civ. P. 26(b) governs the scope of discovery. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "When faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy, it is axiomatic that the trial court is afforded broad discretion to determine the boundaries of inquiry." *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-cv-345-S, 2013 WL 5308802, at *2 (W.D. Ky. Aug. 19, 2013) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir.1981)). However, either on motion or on its own, the Court must limit discovery that is unreasonably cumulative or duplicative; that can be obtained from another "more convenient, less

3

burdensome, or less expensive" source; that the seeking party has had ample opportunity to obtain; or that is outside the scope permitted by Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Fed. R. Civ. P. 45 allows parties, *inter alia*, to command a nonparty to appear at a certain time and place to testify or produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii). Although irrelevance or overbreadth are not specifically listed under Rule 45 as a basis for quashing a subpoena, courts "have held that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Hendricks v. Total Quality Logistics*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). The Court must quash any subpoena that imposes an undue burden or expense on the person subject to the subpoena, fails to allow reasonable time to comply, requires compliance beyond the geographic limits of Rule 45, or requires disclosure of "privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(i)-(iv). The Court may quash or modify any subpoena that requires disclosure of a "trade secret or other confidential research, development, or commercial information" or certain information or opinions from an unretained expert. Fed. R. Civ. P. 45(d)(3)(B)(i)-(ii). However, under such circumstances, in lieu of quashing or modifying the subpoena, the Court may order production under specified conditions upon a showing by the party who served the subpoena of substantial need and that the subpoenaed person will be reasonably compensated. Fed. R. Civ. P. 45(d)(3)(C)(i)-(ii). Other than the showing required by Fed. R. Civ. P. 45(d)(3)(C), the "party seeking to quash a subpoena bears the ultimate burden of proof." *Hendricks*, 275 F.R.D. at 253.

**B.     Analysis**

The EEOC claimed the March 2020 inquiry is protected by 42 U.S.C. § 2000e-8, which governs investigations by the EEOC. In particular, subsection (a) of the statute allows the EEOC

4

or its representative to "have access to, for the purposes of examination, and the right to copy any evidence of any person being investigated or proceeded against that relates to unlawful employment practices covered by this subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). Subsection (e) of that statute provides:

> It shall be unlawful for any officer or employee of the Commission to make public in any manner whatever any information obtained by the Commission pursuant to its authority under this section prior to the institution of any proceeding under this subchapter involving such information. Any officer or employee of the Commission who shall make public in any manner whatever any information in violation of this subsection shall be guilty of a misdemeanor and upon conviction thereof, shall be fined not more than $1,000, or imprisoned not more than one year.

42 U.S.C. § 2000e-8(e).

As an initial matter, the Court notes that the briefing in this case is inadequate. Neither the EEOC nor Inverness cited any case law to support their interpretation of the statute at issue. Instead, the EEOC rested on the language of the statute itself (DNs 28, 28-1, 33), and Barnett-Morgan emphasized the relevance of the information, citing no authority to support her bald assertion that no protection applied to the information it sought (DN 31). Given Barnett-Morgan's sworn deposition testimony that she felt the facts giving rise to the March 2020 inquiry and the August 2021 inquiry/charge were intertwined, the Court agrees that the information sought is relevant and discoverable. Fed. R. Civ. P. 26(b)(1); *Oppenheimer*, 437 U.S. at 351. But that does not answer the question of whether the March 2020 inquiry is protected by the statute cited by the EEOC. For the reasons set forth below, the Court finds that the EEOC has not met its burden of demonstrating that the statute protects the requested information on the instant facts.

First, 42 U.S.C. § 2000e-8(e) protects "information obtained by the Commission pursuant to its authority under this section." 42 U.S.C. § 2000e-8(e). This "section" only grants the EEOC investigative powers "[i]n connection with any investigation of a charge filed under section 2000e-

5

5 of this title." *Id.* § 2000e-8(a), The EEOC takes great pains in its briefing to distinguish—without citation to any statutory authority for doing so—between a "charge" and an "inquiry" made through the online portal. Yet it cited the Court only to a provision protecting the information obtained during the investigation of a "charge" not an "inquiry." Additionally, the EEOC did not assert that it did an "investigation" of the March 2020 inquiry beyond speaking to Barnett-Morgan so it is unlikely it possesses any information beyond that provided by her. It is unclear to the Court that any information in the EEOC's possession related to the March 2020 inquiry was obtained pursuant to 42 U.S.C. § 2000e-8(a) as required.

Second, the EEOC has proffered no authority defining the phrase "prior to the institution of any proceeding under this subchapter involving such information." *Id.* at § 2000e-8(e). Barnett-Morgan did institute a proceeding related to information she provided to the EEOC against her former employer Inverness, the Defendant here, and by her own testimony, the March 2020 inquiry and the August 2021 charge are intertwined. Thus, it seems illogical for the EEOC to rest on the arbitrary distinction between the two complaints Barnett-Morgan made to the EEOC to deny relevant information to Inverness here.

Third, and perhaps most importantly, the Court questions whether providing the requested information to Inverness constitutes "mak[ing] public" the information within the meaning of the statute. *Id.* In *Equal Employment Opportunity Commission v. Associated Dry Goods Corporation*, the United States Supreme Court considered whether the EEOC's "prelitigation disclosure of information in a Commission file to the employee who filed the Title VII claim [wa]s a 'public' disclosure within the meaning of the statutory restrictions." *Equal Emp. Opportunity Comm'n v. Associated Dry Goods Corp.*, 449 U.S. 590, 592 (1981). Construing the terms of both 42 U.S.C. § 2000e-8(e) and § 2000e-5(b), the Supreme Court held it was not,

6

> [W]e have concluded that Congress did not include charging parties within the "public" to whom disclosure of confidential information is illegal under the provisions of Title VII here at issue. Section 706(b) states that "[c]harges shall not be made public." 42 U.S.C. § 2000e-5(b). The charge, of course, cannot be concealed from the charging party. Nor can it be concealed from the respondent, since the statute also expressly requires the Commission to serve notice of the charge upon the respondent within 10 days of its filing. Thus, the "public" to whom the statute forbids disclosure of charges cannot logically include the parties to the agency proceeding. And we must infer that Congress intended the same distinction when it used the word "public" in § 709(e), 42 U.S.C. § 2000e-8(e). The two statutory provisions treat essentially the same subject, and, absent any congressional indication to the contrary, we must assume that "public" means the same thing in the two sections.

*Id.* at 598.  The Supreme Court noted that this reading was supported by the legislative history of the disclosure provisions, which suggested that "the purpose of the disclosure provisions was to prevent wide or unauthorized dissemination of unproved charges, not limited disclosures necessary to carry out the Commission's functions." *Id.* at 599.  Distinguishing the parties to the proceeding from the general public, the Supreme Court reasoned, "The parties to an agency proceeding are hardly members of the 'general public,' especially since, as common sense and the express language of § 706(b) show, they always have available to them the charge—proved or unproved—in the case to which they are parties." *Id.* at 599-600 (internal citations omitted).  This suggests that the Court should not read Inverness as the "public" to whom disclosure is prohibited.  And such a reading is further supported by an EEOC regulation regarding confidentiality.  29 C.F.R § 1601.22, uncited by the Parties in the instant case, provides in relevant part,

> Neither a charge, nor information obtained during the investigation of a charge of employment discrimination under title VII, the ADA, GINA, or the PWFA, nor information obtained from records required to be kept or reports required to be filed pursuant to title VII, the ADA, GINA, or the PWFA, shall be made matters of public information by the Commission prior to the institution of any proceeding under title VII, the ADA, GINA, or the PWFA involving such charge or information. This provision does not apply to such earlier disclosures to charging parties, or their attorneys, respondents or their attorneys, or witnesses where disclosure is deemed necessary for securing appropriate relief.

7


29 C.F.R. §1601.22 (2024). If the EEOC could have made a prelitigation disclosure of this information to Inverness if "necessary for securing appropriate relief," it is illogical for this Court to find that the EEOC cannot make a post-litigation disclosure here where Barnett-Morgan has filed suit against Inverness under Title VII for conduct she herself says is related.

For all these reasons, the Court finds that the EEOC has failed to demonstrate that the information related to Barnett-Morgan's March 2020 inquiry is protected from disclosure to Inverness pursuant to the subpoena before the Court. Therefore, its motion to quash will be denied, and the EEOC will be directed to produce the relevant information within fourteen days.

### III.  ORDER

For the reasons set forth above, the EEOC's Motion to Quash (DN 28) is **DENIED**, and the EEOC is ordered to produce any information in its possession regarding Barnett-Morgan's March 2020 inquiry related to her employment with Inverness to Inverness within fourteen days of entry of the instant memorandum opinion and order.

*[Signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

July 30, 2024